IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---

COACH, INC. and COACH SERVICES, INC., :
:
               Plaintiffs, :   Case No. 4:10-cv-2289-RWS
:
v. :
:
FRISON FLEA MARKET, INC., JACK FRISON, :
SOUKEYE F. SAMB, :
:
               Defendants. :

---

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Upon consideration and agreement of Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Plaintiffs") and Defendants Frison Flea Market, Inc., Jack Frison, and Soukeye F. Samb (collectively, "Defendants"), the entry of a consent judgment and permanent injunction is warranted in this matter against Defendants, it is hereby **ORDERED AND ADJUDGED**:

A Permanent Injunction is entered against Defendants, pursuant to FED. R. CIV. P. 65, forever enjoining Defendants, through their officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with them:

a. From manufacturing, procuring, distributing, shipping, retailing, selling, advertising or trafficking, in any merchandise, including apparel, sunglasses, bags, jewelry and/or related merchandise, not authorized by the Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Plaintiffs' Trademarks, or bearing a design or image which is of a substantially similar appearance to the Plaintiffs' Trademarks;

b. From leasing, renting, or otherwise providing retail, commercial, or warehouse space in which others manufacture, procure, distribute, ship, retail, sell, advertise or traffic any merchandise, including apparel, sunglasses, bags, jewelry and/or related merchandise, not authorized by the Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Plaintiffs' Trademarks, or bearing a design or image which is of a substantially similar appearance to the Plaintiffs' Trademarks;

c. From passing off, inducing or enabling others to sell or pass off, as authentic products produced by the Plaintiffs or otherwise authorized by the Plaintiffs, any product not manufactured by the Plaintiffs or produced under the control or supervision of the Plaintiffs and approved by the Plaintiffs, which utilize any of the Plaintiffs' Trademarks;

d. From committing any act calculated to cause purchasers to believe that products sold by Defendants, their agents, servants, and employees, and upon those persons in active concert or participation with them are sold under the control and supervision of the Plaintiffs, or are sponsored, approved or guaranteed by the Plaintiffs, or are connected with and produced under the control or supervision of the Plaintiffs;

e. From further diluting and infringing Plaintiffs' Trademarks and damaging their goodwill;

f. From engaging in any other activity constituting unfair competition with Plaintiffs or that will cause the distinctiveness of Plaintiffs' Trademarks to be diluted; and

g. From causing, aiding, and/or abetting any other person from doing any act proscribed under a through g above.

It is further **ORDERED AND ADJUDGED** that Judgment be entered against Defendant Frison Flea Market, only, and in favor of the Plaintiffs, noted more specifically below:

**Statutory damages against Defendant Frison Flea Market:**

> To Plaintiffs Coach, Inc. and Coach Services, Inc. pursuant to 15 U.S.C. § 1117(c)(1) and (2): **$2,000,000 per counterfeit mark per type of good**.

Total statutory damages entered against Defendant Frison Flea Market:     **$2,000,000**

Total Judgment awarded against Defendant Frison Flea Market:     **$2,000,000**

It is further **ORDERED AND ADJUDGED** that the Court finds that there is no just reason for delay, and therefore, pursuant to FED. R. CIV. P. 54(b), the Court expressly directs the entry of judgment on all rulings made by the Court shall operate as a final judgment as to Defendants.

**IT IS SO ORDERED.**

This 26th day of MAY, 2015.

_____
Honorable Rodney W. Sippel
United States District Judge